**Franklin D. CALE, Appellant,**

v.

**E. L. PADERICK et al., Appellees.**

**No. 75–1360.**

United States Court of Appeals,
Fourth Circuit.

Argued July 12, 1976.
Decided Dec. 21, 1976.

Stephen C. Price, Fairfax, Va. [court-assigned counsel] (McCandlish, Lillard, Church & Best, Fairfax, Va., on brief), for appellant.

Alan Katz, Asst. Atty. Gen. of Virginia, Richmond, Va. (Andrew P. Miller, Atty. Gen. of Virginia and M. Stuart Bateman, Asst. Atty. Gen. of Virginia, Richmond, Va., on brief), for appellees.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM.

This civil rights action was brought by a Virginia prisoner pursuant to 42 U.S.C. § 1983, claiming (1) that he was transferred to segregation without due process of law, and (2) that following his conviction on the criminal charge against him, he was not immediately released from segregation into the general population of the penitentiary. After trial the district court dismissed the petition and granted judgment for the defendants. We affirm.

Petitioner was placed in detention or segregation after a knife was discovered in his cell, and on August 28, 1974, he was convicted in the Circuit Court of the City of Richmond, following his plea of guilty of possession of a weapon and given a twelve months' suspended sentence.

■ As to petitioner's contention that he was denied his right to a due process hearing, the district court found that there was a hearing of the Institutional Classification Committee,[1] with notice to petitioner, that he was present at the hearing, and that the evidence presented at the hearing amply warranted the ICC's decision to place petitioner in greater security pending the outcome of the criminal charges against him of having a knife in his cell in violation of § 53–291, Code of Virginia (1950), and Penitentiary Regulations.[2] From our examination of the record in this case, we cannot say that such finding was clearly erroneous. Furthermore, under the recent decision in *Meachum v. Fano* (1976) 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451, it was held that "[w]here state law does not condition the authority to transfer on the occurrence of specific acts of misconduct or other events," the due process clause of the Constitution does not require a hearing prior to such administrative action. *See, also, Montayne v. Haymes* (1976) 426 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466.

■ Petitioner's second claim is that the prison superintendent should be held liable for his failure to release him into the general population of the prison following his conviction. The district court found as a fact that the defendant superintendent, as soon as he learned of petitioner's conviction, ordered him released from segregation. Moreover, the petitioner himself made no demand for his release from segregation, even though he spoke to the defendant superintendent on several occasions. Under

---

1. In the Virginia Correctional System the Institutional Classification Committee (ICC) is charged with prisoner classification. The ICC makes general institutional placements of inmates and reviews all security classifications and job assignments. It is not used to administer corrective action or to punish an inmate, and its foremost consideration is the safety and welfare of both the inmates and the institution. *Cooper v. Riddle* (4th Cir. 1976) 540 F.2d 731.

2. The record of this hearing was lost, but a reconstructed ICC report is a part of the record. The district court in finding that there was a hearing said "[t]o conclude that there was no hearing I would have to find that the defendants Spann, Kennedy and Moore and the witness Greer made this up out of whole cloth—that there was no I.C.C. hearing, and I do not believe they made it up. I think there was a hearing."

these circumstances there is no basis for a judgment against the defendant superintendent who acted, according to the findings of the district court, at all times in good faith. Such a finding constitutes a valid defense to a § 1983 action. *Pierson v. Ray* (1967) 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288; *Hill v. Rowland* (4th Cir. 1973) 474 F.2d 1374, 1376–77; *Hoitt v. Vitek* (1st Cir. 1974) 497 F.2d 598, 600.

The judgment of the district court is accordingly

*AFFIRMED.*